UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| HAYDAR BEKTAS, ) | CASE NO. 1:23-CV-524 |
| ) | |
| Plaintiff, ) | |
| ) | JUDGE BRIDGET MEEHAN BRENNAN |
| v. ) | |
| ) | |
| DEPARTMENT OF PUBLIC ) | |
| SAFETY, *et al.*, ) | **ORDER OF DISMISSAL** |
| ) | |
| Defendants. ) | |

*Pro se* Plaintiff Haydar Bektas has filed a civil rights action against the Department of Public Safety, Angela McCracken, the Transportation Innovation Center of the Cuyahoga Community College, the Northcoast CDL Testing Center, and CDL of Northern Ohio (Doc. No. 1) accompanied by an application to proceed *in forma pauperis* (Doc. No. 2). For the following reasons, Plaintiff's application is denied, and this action is dismissed.

Plaintiff filed four civil rights actions in this district court within three months: *Bektas v. Lorain County Job and Family Service, et al.*, Case No. 1:22-cv-02225 (Dec. 8, 2022) ("*Bektas I*"); *Bektas v. Cleveland State University, et al.*, Case No. 1:23-cv-00313 (Feb. 17, 2023) ("*Bektas II*"); *Bektas v. City of Avon, Ohio, et al.*, Case No. 1:23-cv-00523 (Mar. 15, 2023) ("*Bektas III*"); and this case, *Bektas v. Dep't. of Public Safety, et al.*, Case No. 1:23-cv-00524 (Mar. 15, 2023) ("*Bektas IV*"). In *Bektas I* and *Bektas II*, Plaintiff paid the full filing fee of $402. In *Bektas III* and, *Bektas IV*, however, Plaintiff filed an application to proceed *in forma pauperis* (Doc. No. 2., *Bektas III and IV*). The applications appear to be identical, indicating that Plaintiff

owns a home, a horse trailer, and numerous farm animals valued at $4,000. Plaintiff also states that he has seasonal employment.

Congress first enacted an *in forma pauperis* statute in 1892 "to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S. Ct. 1827, 104 L. Ed. 2d 338, (1989) (citing *Adkins v. E. I. Du Pont de Nemours & Co.*, 335 U.S. 331, 342-43, 69 S. Ct. 85, 93 L. Ed. 43 (1948)). Title 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid payment of court filing fees by filing a sworn application to proceed *in forma pauperis*. But proceeding *in forma pauperis* is a privilege, not a right. *See Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998). "Under [§ 1915(a)], the Court must conduct a satisfactory inquiry into the plaintiff's ability to pay the filing fee and prosecute the lawsuit." *Dandridge v. Hooman*, No. 05-2401-B/P, 2006 U.S. Dist. LEXIS 1069, 2006 WL 27184, at *1 (W.D. Tenn. Jan. 5, 2006). The decision to grant or deny an application to proceed *in forma pauperis* "lies within the sound discretion of the district court." *Flippin v. Coburn*, 107 F. App'x 520, 521 (6th Cir. 2004) (citing *Phipps v. King*, 866 F.2d 824, 825 (6th Cir. 1988)).

Upon review, the Court finds that Plaintiff's ability to pay the full filing fee in two recently filed cases demonstrates his ability to pay the filing fee in this case. Moreover, based on the information Plaintiff provided in his application, the Court determines that Plaintiff does not qualify as a pauper. Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) is therefore denied.

**Conclusion**

Accordingly, Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) is denied, and this action is dismissed without prejudice. If Plaintiff wishes to proceed with this action, he must pay the entire filing fee of $402.00 within thirty (30) days, and he must file a motion to re-

open the case. The motion will not be accepted if it is not accompanied by the full filing fee. No other documents will be accepted for filing in this case unless the entire filing fee is paid and a motion to re-open has been granted.

**IT IS SO ORDERED.**

Date: April 24, 2023

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE